**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BLUE CROSS AND BLUE SHIELD ASSOCIATION
NATIONAL EMPLOYEE BENEFITS COMMITTEE,

*Plaintiff*,

v.

ALLIANZ GLOBAL INVESTORS U.S. LLC and AON
INVESTMENTS USA INC. f/k/a AON HEWITT
INVESTMENT CONSULTING, INC.,

*Defendants*.

No. 20 Civ. 07606 (KPF)

---

## STIPULATION AND ORDER OF PARTIAL DISMISSAL
## WITHOUT PREJUDICE

WHEREAS, on September 16, 2020, Plaintiff Blue Cross and Blue Shield Association National Employee Benefits Committee (the "Committee") filed a Complaint against, among others, Defendant Aon Investments USA Inc. ("Aon"), commencing the above-captioned action;

WHEREAS, the Committee's Complaint lodges two counts against Aon under the Employee Retirement Income Security Act of 1974 ("ERISA"), namely Counts II and IV (*id.* ¶¶ 153-165; 171-175) (the "ERISA Counts"), and also lodges one count against Aon for breach of contract under common law (*id.* ¶¶ 198-212) (the "Common Law Count");

WHEREAS, Aon believes that the Common Law Count is pre-empted by ERISA and the Committee's assertion of the ERISA Counts, and has contemplated moving to dismiss the Common Law Count on this and other grounds; and

WHEREAS, the Committee opposes any motion to dismiss the Common Law Count as preempted by ERISA unless and until Aon acknowledges that it was an ERISA fiduciary to the Committee at all periods described in the Committee's Complaint with respect to its alleged

1

conduct and omissions, and acted in an ERISA fiduciary capacity with respect to such conduct and omissions;

WHEREAS, the Committee and Aon have met and conferred and each desire to avoid imposing unnecessary burdens on the Court; and

WHEREAS, the present stipulation is contemplated by the Case Management Plan entered on December 7, 2020 (ECF No. 53 ¶ 5)

NOW, THEREFORE, the Committee and Aon stipulate and agree that:

1.      Pursuant to Fed. R. Civ. P. 41(a)(1), the Committee hereby dismisses the Common Law Count without prejudice, effective immediately.

2.      Aon admits and will not dispute that at all relevant times, Aon was a fiduciary within the meaning of ERISA § 3(21)(A)(ii) (29 U.S.C. § 1002(21)(A)(ii)) because it was rendering or had the authority or responsibility to render "investment advice for a fee" to the Committee with respect to Plan assets held in the National Retirement Trust of the Blue Cross and Blue Shield Association, and Aon acted in an ERISA fiduciary capacity with respect to its conduct and omissions as alleged in the Committee's Complaint ("Fiduciary Status").  Aon will neither challenge such Fiduciary Status nor the application of ERISA in the above-captioned matter.

Dated: New York, New York
         December 10, 2020

_____.

Sean W. Gallagher (admitted pro hac vice)
Adam L. Hoeflich (admitted pro hac vice)
Mark S. Ouweleen (admitted pro hac vice)
Abby M. Mollen (admitted pro hac vice)
Nicolas L. Martinez (admitted pro hac vice)
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone:  (312) 494-4400

Daniel Z. Goldman
PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, NY 10017
Telephone:  (212) 370-0330

Anthony F. Shelley (admitted pro hac vice)
MILLER & CHEVALIER CHARTERED
900 Sixteenth Street N.W.
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 626-5924

*Counsel for Plaintiff Blue Cross and Blue Shield
Association National Employee Benefits Committee*

_____

Richard Werder
Michael Liftik
Renita Sharma
Andrew Marks
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue
22nd Floor
New York, NY 10010
Telephone:  (212) 849-7413
Facsimile:  (212)-849-7100

*Counsel for Defendant Aon Investments USA
Inc.*

It is so ordered on this ⎯⎯ 11 day of ⎯⎯⎯⎯⎯ December ⎯⎯⎯⎯⎯⎯⎯⎯⎯, 2020.

SO ORDERED:

_____
Katherine Polk Failla
United States District Judge

3