# BartlitBeck LLP

Sean W. Gallagher
Sean.Gallagher@BartlitBeck.com

July 22, 2021

**MEMO ENDORSED**

Courthouse Place
54 West Hubbard Street
Chicago, IL 60654
main: (312) 494-4400
direct: (312) 494-4428
BartlitBeck.com

<u>Via ECF</u>

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

   Re: ***Blue Cross and Blue Shield Association National Employee Benefits Committee v. Allianz Global Investors U.S. LLC and Aon Investments USA Inc. f/k/a Aon Hewitt Investment Consulting, Inc.*, No. 20 Civ. 07606 (S.D.N.Y.)**

Dear Judge Failla,

  Rather than follow the discovery dispute procedures set forth by the Court, Aon has bypassed its obligation to engage in a good-faith attempt to resolve the disputes it now raises. As a result, Aon's motion to compel is premature, ignores the current state of discovery, and creates an inequitable gap with Aon's own approach to discovery in this case. The Court should deny it.

  **A. Aon's Motion Is Premature**

  The Court's discovery dispute process is clear: "Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute." Dkt. 53 ¶ 17. Aon has not done so. The last time the parties had any discussion about document discovery was over three months ago on April 12, *see* Dkt. 88-13 (Aon's 04/16/2021 Ltr.) at 1, a fact Aon omits from its motion. Since then, the Committee has produced over 50,000 documents—substantially more than Aon has produced to date—exceeding 380,000 pages in total. If Aon had bothered to confer with the Committee before filing its motion, it would have learned that several of the issues it now burdens the Court with are moot as a result of that production. Aon's motion should be denied on this ground alone.

  **B. The Committee Has Produced Many of the Documents Aon Seeks**

  Aon's first argument is that the Committee failed to sufficiently produce (a) "Documents and Communications between Jamey Sharpe and Allianz between January 1, 2020 and April 15, 2020" and (b) Documents and Communications concerning "investment advice Sharpe or his office provided concerning Structured Alpha" because the Committee "refused to produce documents concerning (a) and (b) that do not specifically concern [the National Retirement Trust's (the "NRT")] Structured Alpha investments." Mot. at 1. "Documents responsive to (a) and (b) that

are not specifically related to the NRT's Structured Alpha investments should be produced," Aon claims. *Id.* at 2. The problem with Aon's motion here is that such documents *have* been produced. Had Aon conferred with Committee (or reviewed the Committee's productions), it would have known that.

The Committee has produced more than 15,000 documents from Jamey Sharpe and withheld none on the basis that a document concerned Structured Alpha but not the NRT's Structured Alpha investments.[1] Regarding Aon's issue (a), for example, the Committee's productions contain numerous communications between Mr. Sharpe and Allianz that do not explicitly mention the NRT or that concern only the Association's corporate investments in Structured Alpha. *See, e.g.*, Ex. 1; Ex. 2. The same is true of Aon's issue (b), documents concerning the Structured-Alpha-related advice that Mr. Sharpe provided. *See, e.g.*, Ex. 3. The Court should reject out-of-hand Aon's request to compel production of documents that the Committee has in fact already produced.

C. **The Committee's Default Date Range Is Reasonable and Consistent with Aon's**

The Committee collected and reviewed hundreds of thousands of documents from the period January 1, 2016 to August 7, 2020. This default date range—the same one Allianz used in this case, Ex. 4 (Allianz's 02/12/2021 Ltr.) at 4—is perfectly reasonable because the Committee's allegations against Aon center on Aon's conduct beginning in 2018, when the Committee asked Aon to reevaluate Structured Alpha and the extent to which the Committee should remain invested in it. Compl. ¶¶ 61-69. In addition to this broad search, the Committee also did a targeted pre-2016 collection and produced approximately 600 documents from that period, including key Committee and Investment Subcommittee meeting minutes, as well as emails, presentations, and recommendations from Aon concerning Structured Alpha.

Broadly searching for documents and communications stretching all the way back to 2009—two years before the Committee first decided to invest in Structured Alpha and nearly a decade before Aon's critical advice to the Committee in 2018—is therefore unlikely to yield additional relevant information and would impose a substantial burden on the Committee. As the Committee explained to Aon, broadly searching back to 2009 would double the universe of documents that the Committee would need to review (beyond the hundreds of thousands of pages that were reviewed to yield the Committee's already substantial production). Dkt. 88-12 (Committee's 05/05/2021 Ltr.) at 1-2. In an effort to compromise, however, the Committee proposed to Aon on May 5 that "if after reviewing the Committee's productions you determine that there are additional specific documents from before 2016 to which you believe you are entitled, we are willing to consider targeted searches from that period." *Id.* at 2. Aon never

---

[1] Aon also suggests that the Committee has "claim[ed] it lacks control over Sharpe's documents" and has used "sleight of hand" to avoid producing them. Mot. at 2. This is simply not true. The Committee does not claim that it lacks control over Mr. Sharpe's documents to the extent such documents are relevant here, and it has not withheld any documents on that basis.

2

responded to that proposal. It chose to file this motion instead, without identifying any significant gaps in the actual production.

What's more, Aon's own actions in discovery confirm that the Committee's default date range is reasonable and appropriate. Aon itself proposed a similar date range in its responses to the Committee's First Set of Requests for Production. *See* Ex. 5 at 6 ("In the absence of . . . an agreement, unless otherwise stated, in responding to these Requests Aon will limit the relevant time period to January 1, 2015 through September 16, 2020."). And although Aon (incorrectly) accuses the Committee of "baseless[ly]" refusing to produce pre-2016 documents, Mot. at 3, Aon has not produced a ***single*** document from before 2016. Aon's arguments about the relevance of pre-2016 documents therefore ring especially hollow and the Court should reject them.

### C. Aon Is Not Entitled to Jamey Sharpe's Employee Evaluations

Finally, Aon asks the Court to compel production of documents and communications concerning Mr. Sharpe's "performance as Chief Investment Executive." Mot. at 1. Recognizing the inherent sensitivity of internal employee evaluations, courts have held that the party seeking disclosure of such records must "demonstrate that the information sought is *clearly relevant* to the issues or subject matter of the underlying action." *E.g.*, *In re Del-Val Fin. Corp. Sec. Litig.*, 158 F.R.D. 275, 276-77 (S.D.N.Y. 1994) (emphasis added) (denying request for discovery of employee evaluations because the party seeking discovery made "an insufficient showing of relevance").

Aon has failed to show that Mr. Sharpe's employee evaluations are "clearly relevant" to any issue in this case. Aon has already stipulated to its fiduciary status under ERISA, *see* Dkt. 55 ¶ 2, and, therefore, that its investment advice "serve[d] as a *primary basis* for [the Committee's] investment decisions with respect to plan assets," including those concerning Structured Alpha. 29 C.F.R. § 2510.3-21(c)(ii)(B) (emphasis added). Whether Mr. Sharpe's evaluations show he "was criticized as insufficiently cautious or unwilling to accept advice," Mot. at 2, has no bearing on whether Aon's advice that the Committee maintain its investment in Structured Alpha— rendered to the *Committee*, not Mr. Sharpe—breached Aon's fiduciary duties or whether there is "some causal link" between that advice and the losses sustained when Structured Alpha collapsed, *Cates v. Trs. of Columbia Univ. in City of N.Y.*, No. 1:16-cv-06524 (GBD) (SDA), 2019 WL 8955333, at *10 (S.D.N.Y. Oct. 25, 2019). And while it appears that Aon wants to engage in a fishing expedition to explore "potential contribution claims" it has not yet filed, Mot. at 3, "[t]he purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists," *Hughes v. LaSalle Bank, N.A.*, No. 02 Civ. 6384MBMHBP, 2004 WL 414828, at *1 (S.D.N.Y. Mar. 4, 2004). Regardless, any evidence that is relevant for Aon's hypothetical contribution claim is, by definition, not relevant to claims and defenses at issue here. *Cf. Bd. of Trs. of S. Cal. IBEW-NECA Defined Contribution Plan v. Bank of N.Y. Mellon Corp.*, No. 09 Civ. 6273 (RMB), 2011 WL 6130831, at *2 (S.D.N.Y. Dec. 9, 2011) (dismissing ERISA fiduciary's counterclaim as premature when its own liability had not been established). The Court should reject Aon's attempt to compel production of irrelevant documents.

                                          Very truly yours,

                                          Sean W. Gallagher

                                          *Counsel for Plaintiff Blue Cross and*
                                          *Blue Shield Association National*
                                          *Employee Benefits Committee*

cc: Counsel of record on ECF

---

Application GRANTED.  The Court has reviewed the parties' submissions related to Defendant Aon's proposed motion to compel discovery in the above-captioned matter (Dkt. #88, 90, 91, 93), as well as the parties' associated motions to seal certain exhibits containing sensitive or confidential information (Dkt. #89, 92).

The parties are hereby ORDERED to appear for a telephone conference regarding the motion on **August 6, at 2:00 p.m.**  The dial-in information is as follows: At 2:00 p.m. the parties shall call (888) 363-4749 and enter access code 5123533.  Please note, the conference will not be available prior to 2:00 p.m.  It is the Court's hope that the parties will meet and confer regarding this dispute prior to this conference.

The Court further GRANTS both parties' requests to file certain confidential or sensitive information under seal pursuant to the terms of the Protective Order entered into in this case and the Court's Individual Rules of Practice.

The Clerk of Court is directed to terminate the pending motions at docket entries 88, 89, 90, and 92.

Date:    July 28, 2021
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE