December 14, 2021

The Honorable Katherine Polk Failla, USDJ
United States District Court for the Southern District of New York
40 Foley Square, New York, New York 10007



Re:   *Blue Cross & Blue Shield Assoc. Nat'l Emp. Benefits Committee v. Allianz Global Investors U.S. LLC et al.*, 20-cv-7606 (KPF)

Dear Judge Failla:

Defendant Aon writes in response to NEBC's letter (Dkt. 120) requesting a pre-motion conference (the "Letter").[1] NEBC's Interrogatories 2-12 seek a broad swath of information relating to Aon's diligence and advice to NEBC. But in this district, NEBC must show that the Interrogatories are a more practical method of obtaining the information sought than reviewing Aon's document production or deposing Aon witnesses. NEBC has failed to make this showing, or otherwise to justify what amounts to requiring Aon to analyze its own document production and pre-depose its own witnesses for NEBC's benefit. In addition, Interrogatory 13, which seeks information on Aon clients other than NEBC, is irrelevant because controlling cases hold that the relevant inquiry under ERISA turns on the *individualized* advice Aon provided to NEBC based on its unique circumstances.

        A.        **Interrogatories 2-12 Violate Local Rule 33.3 And Are Improper**

Local "Rule 33.3 … establish[es] a policy that most discovery should be conducted through depositions and document requests." *Erchonia Corp. v. Bissoon*, 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011), *aff'd* 458 F. App'x 58 (2d Cir. 2012). The Rule implements this by "presumptively limit[ing] interrogatories to requests for witness names" and the like; "these limits are to be enforced unless … interrogatories 'are a more practical method of obtaining the information sought than a request for production or a deposition.'" *Taylor v. City of N.Y.*, 2020 WL 6559412, at *4 (S.D.N.Y. Nov. 9, 2020) (Failla, J.) (quoting L.R. 33.3(b)); *see also* Dkt. 53 § 14.b (prohibiting interrogatories not compliant with L.R. 33.3). Interrogatories that fail this test "violate[] [L]ocal [R]ule 33.3 and need not be answered." *Madanes v. Madanes*, 186 F.R.D. 279, 290 (S.D.N.Y. 1999). NEBC fails to show that its Interrogatories are more practical for obtaining the information it seeks than reviewing Aon's ample document production and conducting depositions.

*First*, the Interrogatories are not more practical than production because they facially duplicate NEBC's initial document requests. *See* Ex. A ("Initial RFPs"). "[D]uplicative" interrogatories are by their nature "not a more practical method of obtaining information." *Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S DE R L DE C.V.*, 2020 WL 7695712, at *5 (S.D.N.Y. Dec. 28, 2020); *see also Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367-68 (S.D.N.Y. 2010) (interrogatories improper in light of "corresponding" document requests). As a general matter, NEBC's Initial RFPs seek and Aon agreed to produce (Ex. B, R&Os to Initial RFPs 3, 16-17), documents concerning Aon's "due diligence" and "advice" to NEBC—the same information sought by Interrogatories 2-12. Ltr. 1. More specifically, certain Interrogatories duplicate the Initial RFPs almost word-for-word. For instance, Interrogatory 4 seeks "any instance where Aon performed its

---

[1]   All capitalized terms not otherwise defined have the same meaning as in the Letter.

1

███████████," Dkt. 120-1 at 4, while Initial RFP 32(c) seeks documents "concerning … stress testing of any of the Structured Alpha Funds." Ex. A. Similarly, Interrogatory 10 seeks "the analysis Aon performed to support its advice to the Committee pin June 2018," (Dkt. 120-1 at 6), while Initial RFPs 8 and 9 seek "documents concerning any Investment Advice Aon provided" at the June 2018 meeting, "including any … analyses, … assumptions behind or data supporting" such advice. Ex. A. Having sought and received documents concerning these issues, NEBC cannot now claim that the Interrogatories are a "more practical method" of discovering the same information.

NEBC's counterargument is unavailing. NEBC claims that it would be "inefficient" for NEBC to review the "documents Aon has produced," and cites cases authorizing interrogatories. *See* Ltr. 1-2. NEBC ignores, however that: (a) reviewing an adversary's documents is the litigant's default responsibility in *every* action, and (b) unlike the cases it cites, Interrogatories 2-12 do not seek "a discrete set of transactions." Ltr. 1-2. Interrogatories 2-12 do not seek to "identify bank accounts" (*Madanes*, 186 F.R.D. at 289-90), "lists of … agreements" (*Pratt v. Atalian Glob Servs. Inc.*, 2021 WL 1234253, at *3 (S.D.N.Y. Apr. 2, 2021)), or "dates and amounts" of accounting transactions (*In re Weatherford Int'l Sec. Litig.*, 2013 WL 5788680, at *3 (S.D.N.Y. Oct. 28, 2013)), all of which are discrete and uncomplicated. *See* Ltr. 1-2. Rather, Interrogatories 2-12 require Aon to look for, identify, and thus characterize "any instance" of due diligence and advice to NEBC *over a period of years*, as well as "the [due diligence] materials Aon used or considered," "the parameters … for [Aon's] projections," "[w]hat analysis Aon performed (including any calculations)," and Aon's advice to NEBC or disagreements with Jamey Sharpe about concentration. Dkt. 120-6 at 5-28. Significant authority, including some that NEBC cites, rejects similarly complex interrogatories as improper. *Weatherford*, 2013 WL 5788680, at *3 (similar requests for "calculations [that] go beyond … discrete transactions" are "more practical[ly]" obtained by "document requests"); *Rouviere v. DePuy Orthopaedics,* 2020 WL 1080775, at *2-3 (S.D.N.Y. Mar. 7, 2020) (rejecting under L.R. 33.3 similar diligence-focused interrogatories seeking "results of analyses performed" and documents "raising any concerns regarding safety"); *see also* Ex. C (*Rouviere* ROGs) at 5, 7.

*Second*, Interrogatories 2-12 violate Local Rule 33.3(b) because depositions are a "far more practical and efficient" method to answer NEBC's questions. *Antolini v. McCloskey*, 2020 WL 5089443, at *1 (S.D.N.Y. Aug. 28, 2020); *see also In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 69 n.2 (2d Cir. 2003) ("[O]ral depositions [are] a means of obtaining discoverable information that is preferable to written interrogatories."). Interrogatories 2-10 cite and seek information about documents that Aon has produced (Dkt. 120-1 at 5-7), and NEBC "presents no good faith basis why [it] cannot proceed by deposition" to obtain further information. *O'Brien v. Lane Bryant, Inc.*, 1987 WL 6914, at *2 (S.D.N.Y. Feb. 11, 1987). And while NEBC claims that it does not know, and "Aon has not identified," which "witness(es) … could answer" questions about Aon's "due diligence," Ltr. 1-2, NEBC never served an interrogatory seeking witnesses knowledgeable about those topics, *expressly* as contemplated under Local Rule 33.3. NEBC cannot argue that its own failure to seek information for depositions should moot them, or require Aon to, in effect, pre-depose witnesses for NEBC. Moreover, NEBC not only asserts no basis for claiming Aon deponents might not "accurately recall" answers, it also fails to link this to the relief it requests from Aon. Ltr. 2.

*Third*, Aon need not answer Interrogatories 2-12 because they are untimely contention interrogatories. *See* L.R. 33.3(c) (contention interrogatories allowable "at the conclusion of other discovery"). The Interrogatories "seek[] information about the factual bases underlying [Aon's]

2

claims and contentions"—namely, that it performed proper due diligence and advised NEBC appropriately. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 2015 WL 10550451, at *1 (S.D.N.Y. Nov. 25, 2015). Indeed, each Interrogatory corresponds closely to an Aon defense that NEBC preemptively sought to rebut in the Complaint, such as Aon's "claim[] … that it had done a 'fair amount of stress testing.'" Dkt. 120-6 at 9-11 (quoting Compl., Dkt. 1 ¶ 118); *see also id.* at 5-9, 11-30 (raising this argument). A plain reading of Interrogatories 2-12—such as the examples described on the prior page—shows that answering them will require both judgment and Aon's assertion or application of a litigation position. Put otherwise, NEBC is "seek[ing] to have [Aon] … marshal [its] evidence" and "preview [its] arguments" by disclosing, for example, how Aon will argue that it advised NEBC regarding its concentration. *Auscape Int'l v. Nat'l Geo. Soc'y*, 2003 WL 21555731, at *1 (S.D.N.Y. July 8, 2003). NEBC's counter that Interrogatories 2-12 are not contention interrogatories because they "merely seek[] identification of facts," Ltr. 2, also fails, because asking to "identify … factual bases and Documents" for a party's claims is exactly the definition of a contention interrogatory. *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2020 WL 6290584, at *4 (S.D.N.Y. Oct. 27, 2020); *Loreley*, 2015 WL 10550451, at *1.

The information sought in Interrogatories 2-12 is available through Aon's production and personnel. NEBC cannot seek that same information through duplicative discovery because it prefers that Aon bear this burden.[2]

### B. Interrogatory 13 Seeks Irrelevant Information And Need Not Be Answered

Interrogatory 13 seeks information about Aon's other clients' holdings of Structured Alpha.[3] But as an ERISA fiduciary, Aon "provided *individualized* investment advice" to both NEBC and its other clients. *Walker v. Merrill Lynch & Co. Inc.*, 181 F. Supp. 3d 223, 231 (S.D.N.Y. 2016) (emphasis added); *P.B.G.C. v. Morgan Stanley Inv. Mgmt. Inc.,* 712 F.3d 705, 717 (2d Cir. 2013) (a "prudent fiduciary must consider the facts and circumstances *of each case*" when advising on asset allocation) (emphasis added). Other clients' allocations to Structured Alpha are thus categorically irrelevant to Aon's advice to NEBC. To justify Interrogatory 13, NEBC argues that the information may show "Aon's significant departure [in advising NEBC] from the advice it gave others." (Dkt. 120-3 at 7). But Interrogatory 13 does not seek Aon's advice, only its clients' allocations to Structured Alpha. Thus, to use the information sought for NEBC's stated purposes, NEBC would need *further* irrelevant discovery into Aon's advice to tens of other clients to determine if and to what extent that advice was reflected in the clients' investments. Even were this information readily available (or relevant), evaluating the prudence of advice given other clients versus the advice given NEBC would require *additional* broad discovery into the "facts and circumstances of each" client. *P.B.G.C.*, 712 F.3d at 717. Because the information sought by Interrogatory 13 cannot fulfill NEBC's stated purpose, and is irrelevant, this Court should deny NEBC's motion to compel a response.

---

[2] NEBC's claim that Aon must identify documents in response to Interrogatories 2-12 (Ltr. 2) ignores that interrogatories violating Local Rule 33.3 "need not be answered." *Madanes*, 186 F.R.D. at 290. *Natural Resources Defense Council v. Fox*, which NEBC relies on, addressed interrogatories that did not violate Local Rule 33.3. 1996 WL 497024 (S.D.N.Y. Aug. 30, 1996).

[3] Aon supplied already-produced information about the asset allocation of its clients who are Related Action Plaintiffs in an effort to avoid motion practice. Dkt. 120-3 at 2.

3

Respectfully submitted,

*/s/ Renita Sharma*

Renita Sharma

cc: Counsel for Plaintiff and Allianz (by ECF)

The Court is in receipt of Plaintiff's letter, dated December 10, 2021, seeking a conference regarding Defendant Aon Investments USA Inc.'s ("Defendant") refusal to respond to Plaintiff's second set of interrogatories and accompanying set of requests for production. (Dkt. #120). The Court also received the above letter from Defendant, dated December 14, 2021, in opposition to Plaintiff's request. (Dkt. #126). After review of the parties' submissions, the Court finds that it need not convene a conference to resolve the instant discovery dispute. Therefore, Plaintiff's application for a conference on this topic is DENIED.

Plaintiff's letter asserts two primary disagreements with Defendant's responses and objections to its second sets of interrogatories and document requests. *First*, Plaintiff argues that Defendant cannot refuse to answer interrogatories 2-12 on the grounds that there exists other means to acquire the requested information. *Second*, Plaintiff argues that Defendant cannot refuse to fully answer interrogatory 13, which seeks information related to the allocation and concentration of Structured Alpha in the investment portfolios of Defendant's other clients. The Court disagrees with Plaintiff on both points.

With respect to interrogatories 2-12, for substantially the reasons outlined in Defendant's letter, the Court finds these interrogatories to violate of Local Rule 33.3(b). Most importantly, upon a close review of these interrogatories, the Court is not convinced that they "are a more practical method of obtaining the information sought than a request for production or deposition." L.R. 33.3(b).

With respect to interrogatory 13, the Court finds that the information sought is disproportionate to the needs of the case as required by Federal Rule of Civil Procedure 26. The allocation and concentration of Structured Alpha in the investment portfolios of Defendant's other clients does not directly bear on the individualized investment advice that Defendant rendered to Plaintiff in its fiduciary capacity. To the extent Plaintiff intends to argue that Defendant encouraged Plaintiff to hold a concentration of Structured Alpha that was out of line with Defendant's recommendations to its other clients, Defendant has already agreed to produce documents related to other clients who are also Related Action Plaintiffs.

Accordingly, Plaintiff's motion to compel Defendant to respond to interrogatories 2-12 and to compel Defendant to provide a fuller response to interrogatory 13 is hereby DENIED.

The Clerk of Court is directed to terminate the pending motions at docket entries 117 and 120. In addition, as the Court has already permitted Defendant to file a redacted version of its opposition letter on the public docket (*see* Dkt. #125), the Clerk of Court is further directed to terminate the pending motion at docket entry 127.

Date:     December 16, 2021               SO ORDERED.
          New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE