MEMO ENDORSED

April 25, 2022

The Honorable Katherine Polk Failla, USDJ
United States District Court for the Southern District of New York
40 Foley Square, New York, New York 10007

Re: *Blue Cross & Blue Shield Assoc. Nat'l Emp. Benefits Committee v. Allianz Global Investors U.S. LLC et al.*, 20-cv-7606 (KPF)

Dear Judge Failla:

Defendant Aon writes in response to NEBC's pre-motion letter (Dkt. 156) (the "Letter" or "Ltr.") seeking to compel Aon to produce all non-privileged documents concerning Structured Alpha, and to add five document custodians.[1] NEBC's motion should be denied.

### A. NEBC's Request For "All" Structured Alpha-Related Documents Is Overly Broad And Disproportionate

NEBC's belated demand[2] that Aon produce all Structured Alpha-related documents should be denied for three independently sufficient reasons. ***First***, NEBC's sweeping request for all Structured Alpha-related documents—which, given Aon's previous productions, are only those *not* used by "Aon staff … in providing advice to NEBC" (Ex. 4 at 2 n.1)—should be denied because it seeks information about Aon's advice to other clients and their concentration, which this Court has already ruled, in the context of interrogatories, "does not directly bear on the individualized advice that [Aon] rendered to [NEBC]." Dkt. 129 at 5. The Letter's demand for documents that facially have no relation to NEBC is perhaps best understood as a pretext for seeking this information, but NEBC cannot transform irrelevant into relevant information by recasting its demand as a document request. *Contra* Ltr. at 2.

***Second***, even assuming *arguendo* that NEBC's request falls outside the Court's prior ruling, NEBC has failed to identify relevant and proportional information that Aon has not already produced. Aon has produced abundant information concerning what NEBC claims to seek—Aon's "knowledge of Structured Alpha." Ltr. at 1. In April 2021, Aon agreed to produce ***both*** documents specifically related to NEBC's Structured Alpha investments ***and*** five additional, expansive document categories reflecting Aon's knowledge of Structured Alpha: (1) advice to Related Action plaintiffs that were Aon clients; (2) general analysis of Structured Alpha; (3) advice to Aon's other clients concerning Structured Alpha funds that NEBC was also invested in; (4) Structured Alpha-related documents Aon used to advise NEBC; and (5) Aon's analysis of Structured Alpha's risk and return. *See* Dkt. 132-9 at 12-13. Aon substantially completed production of these documents by the Court's June 1, 2021

---

[1] All capitalized terms not otherwise defined have the same meaning as in the Letter.
[2] NEBC demanded Aon produce all Structured Alpha-related documents in a January 24, 2022 meet-and-confer concerning NEBC's compliance with the Court's January 5, 2022 Order granting Aon's motion to compel, even though NEBC's document requests did not seek all such documents at that time. Ex. 1 at 1. Aon negotiated the scope of this request with NEBC for months thereafter, seeking to clarify its scope and repeatedly urging NEBC to tailor this overbroad request. Ex. 2 at 1-4. NEBC refused. *Id.* at 4. Instead, it served a new document request seeking all Structured Alpha-related documents on March 29, 2022; Aon served its responses and objections on April 8. Ex. 3 at 5-9.

1

deadline. Dkt. 53 at 10. Aon subsequently produced two additional document categories at NEBC's request: (6) risk reports received from Allianz regarding Structured Alpha; and (7) communications from Allianz or Allianz-prepared documents regarding Structured Alpha. Ex. 5 at 1. Between April 2021 and January 2022, Aon reviewed over 340,000 documents and produced 130,675, without NEBC attempting to bring its dispute to a head, or indeed reiterating the objection that NEBC claims, without citation, to have preserved.[3] Ex. 7 at 5; Ltr. at 2. When NEBC finally demanded all Structured Alpha-related documents (Ex. 1 at 1)—seven months after the substantial completion deadline—it refused to either articulate how the existing broad categories were insufficient, or to tailor its additional demand.

NEBC now claims that it needs access to material that "Aon did *not* use in its analysis of Structured Alpha," and that was *not* used by "Aon staff … in providing advice to NEBC," based on the claim that this broad production "may … show that Aon either ignored or withheld from NEBC information that would have … outright contradicted[] the information it *did use*." Ltr. at 1-2 (emphasis in original). Even had NEBC preserved this extraordinarily broad scope a year ago or raised it in a timely fashion—and it did neither—NEBC's demand is based entirely on speculation that this search will turn up a document that would have clued Aon in to what the whole world missed—that Allianz had failed to act as promised. This is a fishing expedition. And Aon never "admi[tted]" otherwise. *Id.* at 2. The footnote that NEBC misquotes in fact states that Aon and the ten NEBC members that the Court ordered NEBC to add as Priority Custodians are differently situated. Because the Priority Custodians *are* NEBC, their knowledge of Structured Alpha and reliance on Aon are "directly relevant to causation;" accordingly, "[a]ny document from [their] custodial file[s] concerning Structured Alpha" is "vital." NEBC Ex. 1 at 4 n.1. That is not true for Aon custodians, who provided individualized advice to NEBC *and* numerous other clients, and whose "bespoke" advice to other clients is irrelevant to causation. *Id.* Aon is not "hav[ing] it both ways;" Ltr. at 2, the Priority Custodians are simply different from Aon custodians.

***Finally***, requiring Aon to produce ***all*** Structured Alpha-related documents is not proportional to the needs of the case. The relevance of these additional documents—which exclude, among other things, any documents actually used to advise NEBC or any other Related Action plaintiff—is likely minimal. NEBC previously moved to compel Aon to provide information concerning non-NEBC clients' Structured Alpha concentration; the Court denied NEBC's request as "disproportionate to the needs of the case" because that information "does not directly bear on [Aon's] individualized investment advice … to [NEBC]" and Aon's "agree[ment] to produce documents related to other clients who are also Related Action Plaintiffs" addressed any claimed need.[4] Dkt. 129 at 5. Here, the Letter seeks even broader information concerning Aon's non-NEBC clients, with an even more tenuous possibility of relevance, which Aon's agreement to produce numerous categories of documents reflecting its knowledge of Structured Alpha is already sufficient to address. Moreover, the burden on Aon would be heavy; NEBC's delay means that Aon would have to ***re***-review more than 61,000 documents hitting on NEBC's new search terms. Ex. 2 at 4, 9. NEBC itself expects that Aon would second-level review ***nearly all*** such documents, Ex. 4 at 3 n.3, as it would any additional documents from the additional custodians the Letter also seeks. The gain is not worth the candle.

---

[3] NEBC failed to preserve its purported objection after Aon added two tailored categories, at NEBC's request, in October 2021. *See* Ex. 6 at 1.

[4] It is irrelevant that the ruling addressed an interrogatory (*contra* Ltr. at 2) because the Court determined the information was "disproportionate … [under] Federal Rule of Civil Procedure 26," Dkt. 129 at 5, which applies equally to document requests.

### B.     NEBC's Premature Motion For Additional Custodians Should Be Denied

NEBC's belated request for additional custodians is premature because Aon remains willing to negotiate. On April 4, 2022, two months before the close of fact discovery, Aon proposed adding four of the five custodians in dispute—Allen Cheng, Griffin Keenan, Riccardo Lawi and Richard Mohr—for the periods corresponding to the work on Structured Alpha reviews or debriefs that NEBC cited for those custodians' relevance. Aon invited NEBC to submit a counterproposal. Ex. 8 at 4-6; App. A. NEBC refused without explanation, and filed the Letter seeking expanded periods. Ex. 9 at 1-2.

NEBC's request should be denied for three additional reasons. ***First***, NEBC has failed to meet its "burden to show that [adding Messrs. Lawi, Mohr, Cheng, and Keenan] would provide unique, relevant and noncumulative evidence" outside the time periods Aon has agreed to. *Coventry Cap. US LLC v. EEA Life Settm'nts Inc.*, 2020 WL 7383940, at *7 (S.D.N.Y. Dec. 16, 2020). NEBC's sole basis for adding Messrs. Lawi, Mohr, and Cheng is their attendance at the November 2019 or March 2020 debrief. Ltr. at 3. But Aon has already designated most debrief attendees as custodians and produced responsive debrief-related correspondence with Messrs. Lawi, Mohr, and Cheng. Ex. 2 at 8-10. To compromise, Aon offered to collect documents from these individuals for the two weeks before and after the applicable debrief, which took place over a 24-hour or 4-day period. Ex. 8 at 4-6. Moreover, Aon agreed to a nearly one-year period for Mr. Keenan that covered his operational due diligence review of Structured Alpha, NEBC's stated basis of relevance. *Id.* at 4-5; *see* Ex. 2 at 8-9. NEBC nevertheless chose to move the Court, apparently based on the assertion that these individuals might have expressed "regrets" outside of these periods. Ex. 9 at 5. But this is "mere speculation," including because NEBC points to no communications in which these individuals expressed such sentiments. *Assured Guar. Mun. Corp. v. UBS Real Est. Sec. Inc.*, 2013 WL 1195545, at *5 (S.D.N.Y. Mar. 25, 2013) (rejecting custodian request based on "mere speculation" that relevant documents exist).

***Second***, NEBC's request should be denied as to Erol Alitovski because NEBC has not shown that he has any unique, relevant and noncumulative documents that Aon has not already produced. *See Coventry Cap. US*, 2020 WL 7383940, at *7. At NEBC's request, Aon already added Mr. Alitovski as a single-issue custodian and produced his unique documents concerning the RiskMetrics platform. Ex. 1 at 4. NEBC's subsequent belated claim that Mr. Alitovski possesses additional unique responsive documents rings hollow, including because Mr. Alitovski played a supporting role to existing Aon custodians who actually advised NEBC, Aon has produced his correspondence with those custodians, and NEBC has made no showing that he sent any relevant communications concerning advice to NEBC to non-custodians. Ex. 8 at 4; *see also Coventry Cap. US*, 2020 WL 7383940, at *7 (denying motion to add custodians who "played a less active role or … were copied on emails … [already] captured and produced.").

***Finally***, NEBC's belated request should also be denied as disproportionate. Complying would require Aon to review at least 65,000 documents.[5] Ex. 8 at 3-6. That is disproportionate, including because NEBC cites nothing but speculation that the five requested custodians possess unique, responsive documents. *Assured Guar. Mun. Corp.*, 2013 WL 1195545, at *2-*4 (rejecting "disproportionate" custodian request based on "speculat[ion]").

---

[5]  Aon's previous request for NEBC to add 31 of its own members as custodians is irrelevant (*contra* Ltr. at 3), including because the number of custodians is not a good proxy for burden, Ex. 2 at 7, and the Priority Custodians are differently situated from Aon custodians, *see supra* at 2.

Respectfully submitted,

*/s/ Julia Beskin*

Julia Beskin

cc:     Counsel for Plaintiff (by ECF)

The Court is in receipt of Plaintiff's premotion letter, dated April 18, 2022, concerning its anticipated motion to compel Defendant Aon to (i) produce all responsive, non-privileged documents in its possession concerning Structured Alpha and (ii) add five additional document custodians. (Dkt. #154). The Court is also in receipt of Aon's letter in opposition, which is dated April 25, 2022. (Dkt. #160).

After careful review of the parties' submissions, the Court DENIES Plaintiff's request for a premotion conference regarding its motion to compel. The Court resolves the discovery dispute as outlined below.

Plaintiff's motion to compel Aon to produce all responsive, non-privileged documents in its possession concerning Structured Alpha is DENIED. Aon has represented that it has already produced seven categories of Structured Alpha-related documents, including those related to Aon's advice to other clients concerning Structured Alphas funds in which Plaintiff was also invested. The Court agrees with Aon that in light of the documents already produced, the possibility that there exists materials illuminative of Plaintiff's claims concerning the advice that Defendant Aon provided to *other* clients regarding Structured Alpha funds *other* than those in which Plaintiff invested is sufficiently speculative so as to make the request disproportionate to the needs of the case.

Plaintiff's motion to compel the addition of five additional custodians is GRANTED, in part. The Court hereby ORDERS Aon to add the following four custodians for the date ranges specified herein:

- Allen Cheng (January 1, 2020, to August 7, 2020)
- Griffin Keenan (January 1, 2018, to August 7, 2020)
- Riccardo Lawi (October 1, 2019, to December 31, 2019)
- Richard Mohr (October 1, 2019, to December 31, 2019)

As for Erol Alitovski, who has already been nominated as a single-issue custodian, the Court agrees with Aon that Plaintiff has not shown that this proposed custodian is likely to possess unique, relevant, and noncumulative documents that have not already been produced.

The Clerk of Court is directed to terminate the pending motions at docket entries 154 and 156.

Dated:    May 2, 2022
          New York, New York

SO ORDERED.

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE